## WILLIAMS *v.* LITTLEJOHN.

HILL, J. Construing the petition as praying for an injunction and the appointment of a receiver, and the judgment to be a denial of the injunction and a refusal to appoint a receiver, under the pleadings and evidence the court did not abuse his discretion in refusing to grant an interlocutory injunction and in refusing to appoint a receiver as prayed.

*Judgment affirmed. All the Justices concur*

No.   1672.   MAY 13, 1920.

Petition for injunction and receiver. Before Judge Pendleton. Fulton superior court. September 9, 1919.

For some months before this litigation the plaintiff occupied a house as a tenant, paying the rent to a realty company as agent for "Emanuel James estate," the last payment having been made on or about April 28, 1919, for one month ensuing. The plaintiff, according to her contention, was injured on April

30, 1919, by a fall caused by the steps of the house breaking under her. Acting on information as to who were the real owners of the property, she brought suit, on June 6, 1919, against C. L. Littlejohn, Annie Landrum, and Mrs. Will James, for damages resulting from the injury, averring the three named to be joint owners of the house. To this suit Littlejohn pleaded, denying the plaintiff's allegations, and averring that on April 30, 1919, he owned but one fourth undivided interest in the property, but had no control of it, and so far had received no rent from it; that one Sterrs, administrator of the estate of Sarah James Cloud, was superintending the rental; and that defendant did not know the tenant and had no notice of the condition of the steps. According to a further contention of the plaintiff, she was notified by the realty company, after she commenced the damage suit, that the company was not further authorized to collect rent, and advised not to pay it, as she might have to pay it twice; and about the same time Littlejohn demanded of her rent for the premises, and on her refusal to pay it to him he caused a distress warrant for two months rent to be issued against her. She filed a counter-affidavit and gave bond; and later he caused another similar warrant to be issued. She then brought her petition to the superior court, praying for a restraining order enjoining Littlejohn from prosecuting the distraint proceedings until further order of court; and for a receiver to collect the rents of the property, etc. The plaintiff alleged in substance, among other things, that she would be involved in a multiplicity of suits; and that Littlejohn had no such title to the property as to authorize him to prosecute the distress warrants. From the answer of the defendant and from the evidence at the hearing it appeared that in 1917 Emanuel James died in possession of the property, intestate and owing no debt, and leaving four heirs: Sarah James Cloud, Charles W. James, Will James, and Annie James Landrum; that Sarah James Cloud died in January, 1918, leaving a will appointing as executors Charles James and J. G. Sterrs; that Will James died intestate in 1918, leaving a widow as sole heir; that Charles W. James, on March 30, 1918, conveyed to Littlejohn a fourth interest in the property in question; that on May 6, 1919, Sterrs as administrator of Sarah James Cloud, under order of the court of ordinary, conveyed to Littlejohn a

fourth interest in the same property; and that on June 6, 1919, Annie Landrum conveyed to Littlejohn a fourth interest therein; all of these deeds of conveyance having been duly recorded. A further contention of the plaintiff was that it did not appear that either of the nominated executors of the will of Sarah James Cloud ever qualified as such; and that a conveyance by one of them was void, no reason appearing for the other not joining therein.

Injunction and receivership were denied.

*S. C. Crane,* for plaintiff.　*T. J. Ripley,* for defendant.